141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Salvador ALCALA-RAMIREZ, Defendant-Appellant.
 No. 97-10006.
D.C. No. CR-95-05055-7-OWW.
 United States Court of Appeals,
Ninth Circuit.
 Submitted February 9, 1998.**
Decided April 6, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Oliver W. Wanger, District Judge, Presiding.
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvador Alcala-Ramirez appeals his conviction for (1) conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) conspiracy to launder money, in violation of 18 U .S.C. § 1956(a)(1)(A)(1) and (h). Alcala-Ramirez contends the evidence was insufficient to support his conviction, the district court erred by admitting certain evidence, and the court incorrectly applied the Sentencing Guidelines. We have jurisdiction under 28 U.S .C. § 1291 and we affirm.
 
 1. Sufficiency of the Evidence
 
 3
 The government's proof at trial was not materially at variance with the indictment. The proof established a single conspiracy. The government presented evidence establishing consistent joint activity among Alcala-Ramirez and his codefendants over the time period charged in the indictment. This evidence included purchases of large amounts of methamphetamine precursor chemicals, the establishment of clandestine labs, and a working arrangement among the Alcala-Ramirez group to sell precursor chemicals the group manufactured. This evidence was sufficient for a reasonable juror to find beyond a reasonable doubt that Alcala-Ramirez was involved in a single conspiracy. See United States v. Ross, 123 F.3d 1181, 1184 (9th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 733, 139 L.Ed.2d 670 (1998).
 
 2. Evidentiary Rulings
 
 4
 The district court admitted evidence from the Kenneth Road lab site in Modesto and from the lab site in Coulterville, which evidence was gathered after Alcala-Ramirez severed his relationship with Raul Rincon. Any error in admitting this evidence, however, was nonconstitutional error. We will not reverse for such error unless it is more likely than not that the error affected the verdict. United States v. Workinger, 90 F.3d 1409, 1412 (9th Cir.1996).
 
 
 5
 Here, there was substantial evidence, apart from that challenged by Alcala-Ramirez, that his group bought large amounts of chemicals, as well as equipment, to be used to manufacture precursor chemicals to produce methamphetamine. Moreover, when he was arrested, Alcala-Ramirez stated he knew the items purchased were going to be used in the process of manufacturing methamphetamine, and he stated he was aware the money he used to make these purchases came from sales of methamphetamine.
 
 
 6
 Alcala-Ramirez also challenges the district court's admission of evidence that Diane Sanchez shipped chemicals to herself at the Kenneth Road lab site and that she bought chemicals and used wire transfers. He contends this evidence was admitted without connecting it to him or to any conspiracy in which he was involved.
 
 
 7
 Even if the district court erred in admitting the evidence regarding Diane Sanchez, the error was nonconstitutional error and we cannot say it is more likely than not that this evidence affected the verdict. The Diane Sanchez evidence is insignificant when considered in light of the evidence of large purchases of methamphetamine precursor chemicals and equipment and what amounted to Alcala-Ramirez's confession after he was arrested. It was this latter evidence, not the Diane Sanchez evidence, or the evidence from the Kenneth Road and Coulterville lab sites, which established Alcala-Ramirez's involvement in the charged conspiracy.
 
 3. Evidence From the Traffic Stop
 
 8
 Alcala-Ramirez concedes the lawfulness of the traffic stop, but contends his twenty-minute detention was an arrest requiring a warning under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree.
 
 
 9
 The duration of Alcala-Ramirez's detention and questioning was limited to the time necessary for the officers to conduct a consensual search and write citations. During this time, the officers merely detained Alcala-Ramirez. He was never "in custody," thus no Miranda warning was required. The district court did not err by admitting the evidence obtained during the traffic stop.
 
 
 10
 4. Type and Quantity of Methamphetamine Used for Sentencing
 
 
 11
 The government elicited expert testimony on the predominance of D-methamphetamine production and introduced evidence of precursor chemical analysis consistent only with the production of D-methamphetamine. This evidence was sufficient to support the district court's finding that the chemicals were to be used to produce D-methamphetamine.
 
 
 12
 Because the district court did not commit clear error when finding that the conspirators were engaged in the production of D-methamphetamine, Alcala-Ramirez's challenge to the district court's drug quantity calculation fails. Even if we were to limit the drug quantity calculation to the amount of D-methamphetamine which could be produced solely from Alcala-Ramirez's purchases of precursor chemicals, that amount would exceed three kilograms of D-methamphetamine, supporting a base offense level of 38. USSG § 2D1.1 §§ (a)(3), (c)(1), comment. (n. 12) (1995).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3